**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**WAYMAN KENNEDY,**
Plaintiff,

v. 2:26-cv-2096-SPC-NPM

**EQUIFAX INFORMATION SERVICES, LLC,**
Defendant.

---

**ORDER**

Plaintiff Wayman Kennedy requests leave to proceed in forma pauperis; that is, without paying the filing fee. To proceed IFP, not only must a plaintiff be unable to pay the filing fee while also providing for necessities, but he must also sufficiently state a non-frivolous claim for relief, which requires that a complaint comply with the fundamental rules for pleadings. *See* 28 U.S.C. § 1915.

Considering his monetary situation, Kennedy financially qualifies. (Doc. 2). However, Kennedy's complaint fails to comply with the pleading standards of Federal Rules of Civil Procedure 8 and 10. Kennedy must cure the pleading deficiencies in his complaint. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v.*

*Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, *2 (M.D. Fla. Sept. 22, 2022). A complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

Kennedy's complaint is a quintessential shotgun pleading as each count incorporates all the allegations of the previous counts. All six counts begin with the line "Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein." (Doc. 1 at 12–20). Kennedy must incorporate only the specific factual allegations that relate to each count in his amended complaint.

Additionally, Kennedy's complaint runs afoul of Rule 10. The Federal Rules require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). When amending his complaint, Kennedy must sequentially number the paragraphs over the ***entirety*** of the pleading, including in the introductory sections.

Accordingly, by **November 6, 2026**, Kennedy must file an amended complaint that cures all the deficiencies discussed in this order, and that comports with Rules 8 and 10 of the Federal Rules of Civil Procedure.

A failure to fully comply with this order or timely seek relief from it may result in the dismissal of this action without prejudice and without further notice.

**ORDERED** on October 16, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge